IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KARLA D. STEPHENS                                                        PLAINTIFF

vs.                                        Civil No. 2:25-cv-02115

FRANK BISIGNANO                                                          DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Karla D. Stephens ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying her application for Disability

Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks,

Chief Judge, referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.      **Background**

Plaintiff filed her disability application on November 15, 2023.  (Tr. 17).[1]  Plaintiff alleged

disability due to post-traumatic stress disorder (PTSD), depression, asthma, anxiety, depressed mood,

chronic sleep impairment, impaired impulse control, near-continuous panic, total occupational and

social impairment, mild memory loss, and suspiciousness.  (Tr. 271).  Her application was denied

initially and again upon reconsideration.  (Tr. 17).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript
pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No.
7.  These references are to the page number of the transcript itself and not the ECF page number.

1

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted.  (Tr. 103-194).  A hearing was held on April 8, 2025.  (Tr. 38-63).  At this hearing, Plaintiff was present and represented by counsel, Laura McKinnon.  *Id.*  Plaintiff and Vocational Expert, ("VE") Zachariah Langley testified at this hearing.  *Id.*

On April 23, 2025, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's disability application.  (Tr. 17-32).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2027.  (Tr. 19, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 22, 2022.  (Tr. 19, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: post-traumatic stress disorder (PTSD), depression, anxiety, and back pain with mild degenerative changes.  (Tr. 19, Finding 3).  The ALJ then determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 22-30, Finding 5).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found they were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff had the RFC medium work, except could understand, remember, and carry out simple instructions; could use judgment to make simple work-related decisions; could have occasional interactions with supervisors, coworkers, and the public; and could deal with occasional changes in a routine work setting.  *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 30, Finding 6).  The ALJ determined Plaintiff was not capable of performing her PRW.  *Id.*  However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform.  (Tr. 30,

Finding 10).  With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) dishwasher with approximately 129,000 jobs in the nation, (2) hospital cleaner with approximately 37,000 jobs in the nation, and (3) warehouse worker with approximately 164,000 jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been disabled from October 22, 2022, through the date of this decision.  (Tr. 31, Finding 11).

Plaintiff sought review with the Appeals Council.  (Tr. 1-6).  The Appeals Council denied this request.  *Id.*  On September 26, 2025, Plaintiff filed a Complaint in this case.  ECF No. 2.  Both Parties have filed appeal briefs.  ECF Nos. 9, 11.  This matter is now ripe for consideration.

## 2.    <u>Applicable Law</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).  It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her

from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3.    **Discussion**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9 at 6-18. Specifically, Plaintiff raises the following arguments for reversal: (1) the ALJ erred by failing to fully and fairly develop the record (2) the ALJ erred at Step Two, and (3) the ALJ's RFC assessment is not supported by substantial evidence in the

4

record.  Because the undersigned finds the ALJ erred in finding her hearing loss was non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, J., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).  *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence).  If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to, among other things, a hearing loss. Although she did not allege hearing loss as an impairment in her application, she did testify at the administrative hearing about the level of hearing loss in both ears, the issues with communication it causes, and the difficulty with wearing hearing aids.  (Tr. 54).  The medical record shows Plaintiff was diagnosed with bilateral sensorineural hearing loss.  (Tr.  702-703).  The record also found the level of hearing loss could cause some communication problems which could be helped with hearing aids.  *Id.*

In the present case, the ALJ did not consider Plaintiff's hearing loss as an impairment at Step Two or in the RFC.  As recognized above, the standard for determining whether an impairment is severe is a low standard—the impairment need only be slight and affects the claimant's ability to do work activities.  Based upon the record, Plaintiff has presented sufficient evidence demonstrating her hearing loss impairment meets the standard of a severe impairment.  Thus, this case must be reversed and remanded for further consideration of this issue and a determination as to whether any of Plaintiff's other impairments meet this low standard.

**4.      Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 1st day of May 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE